**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ammiel Cornish,  )<br>  ) | No. CV 10-2433-PHX-RCB (ECV) |
| Plaintiff,  ) | **ORDER** |
| vs.  )  ) | |
| Corrections Corporation of America, et al.,)  ) | |
| Defendants.  )  ) | |

On October 29, 2010, Plaintiff Ammiel Cornish, who is confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* civil rights Complaint (Doc. 1) in the United States District Court for the Eastern District of California. By Order filed November 10, 2010 (Doc. 3), the Eastern District of California Court transferred Plaintiff's case (10-CV-2921-CMK) to this Court. On November 10, 2010, this action was received from the Eastern District of California Court and assigned to the undersigned Judge (Doc. 5).

Because Plaintiff had not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*, the Court, by Order filed December 2, 2010 (Doc. 7), gave Plaintiff 30 days to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement. On December 20, 2010, Plaintiff filed an untitled pleading (Doc. 8), in which he asked the Court for an extension of time to file his Application to Proceed *In Forma Pauperis*. By Order filed December 27,

**JDDL-K**

2010 (Doc. 9), Plaintiff's request was granted and Plaintiff was given 30 days from the filing date of the Order to comply with the Court's December 2, 2010 Order (Doc. 7), by either paying the $350.00 filing fee or filing a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

On January 4, 2011, Plaintiff filed a deficient Application to Proceed *In Forma Pauperis* (Doc. 10) and an Account Statement (Doc. 11). By Order filed January 14, 2011, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a new Application to Proceed *In Forma Pauperis*. Because Petitioner had sent in a Account Statement (Doc. 11), he was not be required to send another one. Also, because his Application to Proceed *In Forma Pauperis* included a page certifying the status of Plaintiff's trust account, the Court did not require the "Certificate Of Correctional Official As To Status Of Applicant's Trust Account" section of any new Application to Proceed *In Forma Pauperis* to be completed. On January 26, 2011, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 13).

## I.   New Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. 13) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.51. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
2 failure to state a claim, with leave to amend because the Complaint may possibly be saved
3 by amendment.

### III. Complaint

Named as Defendants in the Complaint are: (1) Corrections Corporation of America; and (2) Show, Case Manager, Corrections Corporation of America.

Plaintiff's sole claim in the Complaint is that on October 15, 2010, he fell down 20 stairs while trying to go down the stairs on crutches, and, even though he damaged his knee "worst," he had not yet had an x-ray at the time he signed his Complaint on October 27, 2010.

The only relief that Plaintiff seeks in the Complaint is to have a lawsuit filed, which happened when he filed this action.

### IV. Dismissal of Defendants

#### A. Corrections Corporation of America

A private corporation can be found liable in an action pursuant to 42 U.S.C. § 1983 if it is acting under color of state law and the constitutional deprivations resulted from a policy, custom, or practice of the private corporation. See Robinson v. City of San Bernadino Police Department, 992 F. Supp. 1198, 1204 (C.D. Cal. 1998).

Although Plaintiff lists Corrections Corporation of America as a Defendant in the Complaint, he has not described any actions by this Defendant and has not linked it in any way with any of his injuries. Accordingly, Defendant Corrections Corporation of America will be dismissed from this action for failure to state a claim upon which relief may be granted.

#### B. Show

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that

1  the official personally participated in the constitutional deprivation, or that a state
2  supervisory official was aware of the widespread abuses and with deliberate indifference to
3  the inmate's constitutional rights failed to take action to prevent further misconduct. King,
4  814 F.2d at 568; see also Monell v. New York City Department of Social Services, 436 U.S.
5  658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

6  There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*,
7  and, therefore, a defendant's position as the supervisor of persons who allegedly violated a
8  plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v.
9  Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723
10  F.2d 675, 680-81 (9th Cir. 1984).

11  Although Plaintiff names Show as a Defendant in the Complaint, he has not described
12  any specific conduct by Defendant Show that violated Plaintiff's constitutional rights and led
13  to his injuries. Plaintiff does not mention Defendant Show in the body of the Complaint.
14  Accordingly, Defendant Show will be dismissed from this action for failure to state a claim
15  upon which relief may be granted.

16  **V.    Leave to Amend**

17  Because no Defendants now remain, Plaintiff's Complaint (Doc. 1) will be dismissed
18  for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may
19  submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court
20  will mail Plaintiff a court-approved form to use for filing a first amended complaint. If
21  Plaintiff fails to use the court-approved form, the Court may strike the amended complaint
22  and dismiss this action without further notice to Plaintiff.

23  Plaintiff must clearly designate on the face of the document that it is the "First
24  Amended Complaint." The first amended complaint must be retyped or rewritten in its
25  entirety on the court-approved form and may not incorporate any part of the original
26  Complaint by reference. Plaintiff may include only one claim per count.

27  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
28  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
2  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
3  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
4  565, 567 (9th Cir. 1987).

5       With regard to any amended complaint that he may file, Plaintiff should note that to
6  state a claim under the Eighth Amendment for prison medical care, a prisoner must allege
7  "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091 (9th Cir.
8  2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a
9  "serious medical need" by demonstrating that failure to treat the condition could result in
10 further significant injury or the unnecessary and wanton infliction of pain and (2) the
11 defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations
12 omitted).  To act with deliberate indifference, a prison official must both know of and
13 disregard an excessive risk to inmate health; the official must both be aware of facts from
14 which the inference could be drawn that a substantial risk of serious harm exists and he must
15 also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

16      The indifference must be substantial.  Estelle, 429 U.S. at 105-06.  The action must
17 rise to a level of "unnecessary and wanton infliction of pain."  Id. at 106.  Claims of
18 "indifference," "negligence," or "medical malpractice" do not support a claim under 42
19 U.S.C. § 1983.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  "A
20 difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious
21 medical needs."  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in
22 medical care, without more, is insufficient to state a claim against prison officials for
23 deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
24 407 (9th Cir. 1985).  Not every claim by a prisoner that he or she has received inadequate
25 medical treatment states a violation of the Eighth Amendment.

26 **VI.   Warnings**
27     **A.   Release**
28     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. 13) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $3.51.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court **must mail** to Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 17th day of March, 2011.

_____
Robert C. Broomfield
Senior United States District Judge